UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| STEVEN BAUER,<br>    *Plaintiff*,<br>    *v.*<br>METRO-NORTH COMMUTER RAILROAD COMPANY,<br>    *Defendant*. | Civil No. 3:13cv749 (JBA)<br><br>June 17, 2015 |

**ENDORSEMENT ORDER**

This is an action by Plaintiff Steven Bauer alleging that Defendant Metro-North Commuter Railroad Company ("Metro-North") is liable under the Federal Employers' Liability Act ("FELA") for injuries he sustained during the May 17, 2013 derailment in Bridgeport, Connecticut. Plaintiff filed his complaint on September 22, 2014. On October 30, 2014, Metro-North filed its Answer, which includes a single affirmative defense—preemption. Four and a half months later, Defendant moved [Doc. # 160] to amend its answer to add two additional affirmative defenses—set-off and mitigation. Plaintiff opposes on the grounds that the amendments would "result[] in unfair surprise and prejudice." (Opp'n [Doc. # 164] at 5.)

Under Federal Rule of Civil Procedure 15(a)(2), "[t]he court should freely give leave" to amend a pleading "when justice so requires." In this Circuit, leave is granted "[i]n the absence of any apparent or declared reason . . . such as undue delay, bad faith or dilatory motive on the part of the movant . . . [or] undue prejudice to the opposing party by virtue or allowance of the amendment." *Kroshniyi v. U.S. Pack Courier Servs., Inc.*, 771 F.3d 93, 109 (2d Cir. 2014). Plaintiff appears to argue undue prejudice but he does not spell out in what ways he will be unduly prejudiced by Defendant's proposed amendment.

The closest he comes to doing so is his assertion that he will "have to consider researching, hiring, and conducting additional discovery regarding vocational rehabilitation experts." (Opp'n at 6.) However, "[s]ince discovery is still ongoing in this case and no date has been set for trial, it is hard to see how the addition of [two] affirmative defense[s] would prejudice the plaintiff[] other than simply expanding the scope of discovery." *UMG Recordings, Inc. v. Lindor*, No. CV-05-1095 (DGT), 2006 WL 3335048, at *4 (E.D.N.Y. Nov. 9, 2006). Because Plaintiff has not adequately demonstrated undue delay, bad faith, a dilatory motive on the part of Defendant, or undue prejudice, Defendant's Motion [Doc. # 160] to Amend is GRANTED.

IT IS SO ORDERED.

\_\_\_\_\_/s/_____
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 17th day of June, 2015.