UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| XILIN JORDAN, as Administrator of the Estate of Paul Jordan,<br>         *Plaintiff*,<br>         *v.*<br>METRO-NORTH COMMUTER RAILROAD COMPANY,<br>         *Defendant*. | Civil No. 3:13cv749 (JBA)<br><br>September 28, 2015 |

**RULING GRANTING DEFENDANT'S MOTION TO DISMISS**

This is one of many consolidated cases arising out of the derailment of a Metro-North train in Bridgeport, Connecticut on May 17, 2013. One of the passengers on the train who was injured in the crash, Paul Jordan, passed away on March 1, 2015. Two months later, on May 1, 2015, the complaint in this case, originally captioned *Paul Jordan v. Metro-North Commuter Railroad*, was filed. Defendant agreed to waive service of summons on May 6, 2015. The following day, Plaintiff filed an amended complaint, changing the caption to *Xilin Jordan, as Administrator of the Estate of Paul Jordan v. Metro-North*. On June 10, 2015, Xilin Jordan was appointed the administrator of Paul Jordan's estate, and on June 11, 2015, she moved to substitute herself for Mr. Jordan as the plaintiff. That motion was granted on June 16, 2015. Defendant now moves [Doc. # 313] to dismiss this case, on the grounds that the Court lacks subject matter jurisdiction to hear it. Oral argument was held on September 21, 2015. For the following reasons, Defendant's motion to dismiss is granted.

I.   Discussion[1]

Defendant contends that this case should be dismissed for lack of subject matter jurisdiction because when the case was originally filed, it was filed in the name of Mr. Jordan, who was already deceased. (Def.'s Mem. Supp. Mot. to Dismiss [Doc. # 314] at 4.) Because a deceased individual is not a "legal entity," it does not have the capacity to sue, and therefore, Defendant argues, the Court does not have subject matter jurisdiction to hear this case. (*Id.*) Further, Defendant asserts, "the plaintiff's multiple attempts to amend the complaint and substitute in a new party after the filing of the complaint cannot cure the defect of a lawsuit having been brought by a nonexistent entity" because the case "is a nullity, voided from the onset." (*Id.* at 7, 8.) Plaintiff responds that "[t]he Court's order of Substitution renders the Defendant's Motion to Dismiss moot." (Pl.'s Opp'n Mot. to Dismiss [Doc. # 328] at 2.)

There is no dispute that Mr. Jordan was deceased when this action was filed. It is similarly undisputed that a deceased individual does not have the capacity to file a lawsuit. The only contested issue is whether a motion to amend and/or a motion to substitute can cure a suit erroneously filed in the name of a deceased plaintiff.

Under Federal Rule of Civil Procedure 17(b), the capacity of an individual to sue is determined by the law of the state where the court is located—here, Connecticut. Connecticut law provides that "[w]hen any action has been commenced in the name of the wrong person as plaintiff, the court may, if satisfied that it was so commenced

---

[1] "[A] claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (quoting *Arar v. Ashcroft*, 532 F.3d 157, 168 (2d Cir. 2008)). "When considering a motion to dismiss pursuant to Rule 12(b)(1), the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff." *Sweet v. Sheahan*, 235 F.3d 80, 83 (2d Cir. 2000). In response to a motion to dismiss pursuant to Rule 12(b)(1), "[a] plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

through mistake, and that it is necessary for the determination of the real matter in dispute so to do, allow any other person to be substituted or added as plaintiff." Conn. Gen. Stat. § 52-109.

Where, as here, a federal court is called upon to decide a question of state law, in the absence of binding precedent from the state's supreme court, the court must "'predict how the state's highest court would resolve' any identified uncertainty or ambiguity." *Avedisian v. Quinnipiac Univ.*, 387 F. App'x 59, 60 (2d Cir. 2010) (quoting *Santalucia v. Sebright Transp., Inc.*, 232 F.3d 293, 297 (2d Cir. 2000)). In doing so, federal courts should give "'proper regard to relevant rulings of other courts of the State.'" *Travelers Ins. Co. v. 633 Third Associates*, 14 F.3d 114, 119 (2d Cir. 1994) (quoting *Commissioner of Internal Revenue v. Estate of Bosch*, 387 U.S. 456, 465 (1967)). However, "while the decrees of lower state courts should be attributed some weight[,] the decision is not controlling where the highest court of the State has not spoken on the point" but rather "is a datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." *Estate of Bosch*, 387 U.S. at 465 (internal quotation marks and alterations omitted).

Because the Connecticut Supreme Court has not ruled on the precise issue presented here—specifically, whether a motion to substitute can cure subject matter jurisdiction where the suit was originally brought in the name of a deceased plaintiff—the Court examines relevant caselaw from other Connecticut courts.

In *America's Wholesale Lender v. Silberstein*, 87 Conn. App. 485, 489 (2005), the Connecticut Appellate Court answered the different, but related, question of whether, where a suit is commenced under a "trade name," which is "not a recognized legal entity or person," the jurisdictional defect can be cured "by substituting a party with the legal capacity to sue." The court held that such a defect cannot be cured because "[t]he named

plaintiff in the original complaint never existed," and "[a]s a result, there was no legally recognized entity for which there could be a substitute." *Id.*

In so holding, the court expressly relied on its prior decision in *Isaac v. Mount Sinai Hosp.*, 3 Conn. App. 598, 600 (1985). The plaintiff in that case filed suit as administratrix, under the mistaken belief that she had been appointed administratrix of the decedent's estate. When she was later appointed administratrix, she sought to amend her complaint and to substitute parties. But, the court denied her motions and dismissed the case, on the grounds that it lacked subject matter jurisdiction. The court reasoned:

> It is elemental that in order to confer jurisdiction on the court the plaintiff must have an actual legal existence, that is he or it must be a person in law or a legal entity with legal capacity to sue. An estate is not a legal entity. It is neither a natural nor artificial person, but is merely a name to indicate the sum total of the assets and liabilities of the decedent or incompetent. Not having a legal existence, it can neither sue nor be sued.

*Id.* (internal quotation marks and citations omitted).

Plaintiff here asserted at oral argument that *Silberstein* is distinguishable from this case on the grounds that in *Silberstein*, the plaintiff filed under a fictitious name of an entity that never existed with the intent to mislead the public, whereas the plaintiff here did not use a fake name and was once a legal entity. However, that contention is belied by the Appellate Court's reliance on *Isaac*, which was not premised on whether the plaintiff was ever a legal entity (as opposed to whether it was a legal entity at the time when it filed suit) or the intent of the plaintiff in filing in the name of a non-legal entity or the interest of the public. Moreover, although a few courts have drawn the distinction Plaintiff urges, the majority of Connecticut courts have not. *See, e.g., State v. Lamar Adver. of Hartford*, No. CV085020325S, 2011 WL 1566981, at *3 (Conn. Super. Ct. Apr. 5, 2011) ("The upshot of [the passage of *Isaac* cited by *Silberstein*] is that when a party, such as an estate, is not a legally recognized entity, it can neither sue nor be sued, and thus that any claim brought by it or for it must be dismissed for lack of subject-matter jurisdiction for lack of standing."); *ProBuild East LLC v. Maple Oak Reserve LLC*, No.

4

CV106014560S, 2011 WL 1565895, at *6 (Conn. Super. Ct. Apr. 1, 2011) ("Similar to the trade name in *America's Wholesale Lender* the plaintiff at the time of the commencement of the action was not a recognized legal entity or person possessing the capacity to sue. Therefore, there is no legally recognized entity for which there could be a substitute under § 52-109."); *SCG Capital Corp. Profit Sharing Trust v. Green*, No. TTDCV095005139, 2010 WL 1665268, at *2 (Conn. Super. Ct. Mar. 25, 2010) ("[T]he named plaintiff in the present case, a common-law trust, possessed no capacity to sue. In the absence of such capacity, the lawsuit is a nullity, and no substitution can occur."); *54-56 Broadway LLC v. Smithfield Assoc. LLC*, No. 15549, 2007 WL 865826, at *3 (Conn. Super. Ct. Mar. 5, 2007) ("In the present case, it is clear from the parties' submissions that 54-56 Broadway LLC was not a legal entity in existence at the time the notice to quit was issued and at the time this action was commenced. Therefore, the plaintiff lacked the legal capacity to sue . . . .").

Furthermore, while the parties have not cited, and the Court is not aware of any appellate cases applying this precedent in the specific circumstances present here—namely, where a suit is filed in the name of a deceased plaintiff, the vast majority of superior courts in Connecticut to have addressed the issue have held that substitution under § 52-109 cannot cure the jurisdictional defect in such cases. *See Freese v. Dep't of Soc. Servs.*, No. CV146047417S, 2015 WL 3974218, at *2 (Conn. Super. Ct. June 1, 2015) ("[S]ubstitution under § 52-109 cannot retroactively validate . . . a suit [by a deceased plaintiff]. To assert such a right of action, the executor or administrator must bring his own action as executor or administrator. He cannot bootstrap litigation of the right to an invalid action." (internal citations omitted)); *Gust v. Comm'r Dep't of Soc. Servs.*, No. CV064012310S, 2007 WL 3173685, at *2–3 (Conn. Super. Ct. Oct. 17, 2007) ("The plaintiff, as a deceased person, cannot be a party to a lawsuit because she is a nonexistent entity and does not have standing. Nor may the defect . . . be remedied by granting the motion to substitute." (internal quotation marks omitted)); *Williams v.*

*Travelers Prop. & Cas. of Am.*, No. CV04003632S, 2007 WL 1299245, at *1 (Conn. Super. Ct. Apr. 13, 2007) ("[Section 52-109] is not . . . applicable or appropriate where . . . a case has been initiated by an entity that is not recognized at all as a 'person' for the purposes of bringing suit."); *Diaz v. PARCC Health Care Inc.*, No. CV054006901, 2006 WL 337351, at *3 (Conn. Super. Ct. Jan. 30, 2006) ("In the present action, the plaintiff is not a legal entity with the ability to sue, and therefore § 52-109 is inapplicable because the initial complaint is a nullity."); *Noble v. Corkin*, 45 Conn. Supp. 330, 333 (Conn. Super. Ct. 1998) ("[A] dead person is a nonexistent entity and cannot be a party to a suit. Therefore, proceedings instituted against an individual who is deceased at the time of the filing of suit are a nullity. Such proceedings are void ab initio and do not invoke the jurisdiction of the trial court." (internal quotation marks omitted)); *Boulais v. Boulais*, No. CV940368009, 1995 Conn. Super. LEXIS 327, at *4 (Conn. Super. Ct. Feb. 3, 1995) ("It does not appear that [Conn. Gen. Stat. § 52-109] has been applied where . . . the case has been initiated by an entity that is not recognized at all as a 'person' for purposes of bringing suit . . . ."). *But see Slater v. Mount Sinai Hosp.*, No. CV 940542007S, 1996 WL 649316, at *2 (Conn. Super. Ct. Oct. 28, 1996) ("It is recognized that several Superior Court decisions have regarded complaints by estate fiduciaries not yet appointed as nullities and therefore not subject to amendment of any kind. Such a harsh rule serves no useful purpose when the putative fiduciary can be clearly identified by name, is appointed within a relatively short time and the appointment is confirmed by amendment filed within thirty days of the return date . . . .").

Because the Appellate Court has held that a motion to substitute cannot cure the jurisdictional defect present when a suit is brought in the name of a non-legal entity, and the majority of superior courts in Connecticut to have addressed the question have held that a motion to substitute cannot cure a suit brought in the name of a deceased individual, this Court concludes that were the Connecticut Supreme Court to rule on this

6

motion, it would rule in Defendant's favor. The Court thus finds that under Connecticut law, this suit is void *ab initio*, and the Court lacks subject matter jurisdiction over it.

## II. Conclusion

For the foregoing reasons, Defendant's Motion [Doc. # 313] to Dismiss is GRANTED without prejudice.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 28th day of September, 2015.